IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS SEVILLE, | ) | |
| Petitioner, | ) | C.A. No. 06-236 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| TOM CORBET, et al., | ) | Magistrate Judge Baxter |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of *habeas corpus* be denied for lack of jurisdiction, and that a certificate of appealability be denied.

**II.    REPORT**

**A.    Relevant Factual and Procedural History**

On August 20, 1973, Petitioner was sentenced to serve eight to twenty years in prison for murder in the second degree. He was released on parole on several occasions, but each time had his parole revoked as a technical and/or convicted parole violator. In 2004, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania, in which he argued that he was unconstitutionally being held in prison beyond his maximum sentence date. On July 15, 2004, United States Magistrate Judge Jacob P. Hart issued a Report and Recommendation recommending that the petition be dismissed with prejudice, because Petitioner's argument had no merit. (See Document # 12, Exhibit A). In particular, Magistrate Judge Hart found that, due to Petitioner's repeated parole violations, his credit for time spent on parole was lost, which resulted in a recalculated maximum date of August 6, 2010. (Id. at p. 3).

The Honorable Berle M. Schiller subsequently adopted Magistrate Judge Hart's Report and Recommendation, dismissed the petition, and denied a certificate of appealability. Petitioner

appealed the dismissal to the Third Circuit Court of Appeals, but the appeal was dismissed for lack of jurisdiction.

The instant petition was originally filed with the United States District Court for the Middle District of Pennsylvania on September 14, 2006, and was subsequently transferred to this Court on October 15, 2006. The petition raises the same claim that was reviewed and rejected by the Eastern District Court in Petitioner's first habeas proceeding.

**B.     Discussion**

Because this petition is not the first federal habeas corpus petition challenging the length of Petitioner's sentence and incarceration, it is subject to the authorization requirements set forth at 28 U.S.C. § 2244(b). In pertinent part, § 2244(b) mandates that, before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies §2244's substantive requirements, which are set forth in §2244(b)(2). See U.S.C. §2244(b)(3)©. This allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, __ U.S. __, 127 S.Ct. 793, 794-99, 166 L.Ed.2d 628 (2007)

A review of the computerized dockets of the Court of Appeals for the Third Circuit Court shows that Petitioner has not sought nor received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this court lacks jurisdiction. Burton, 127 S.Ct. at 794-99.

**C.     Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that

"[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition.  Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be denied for lack of jurisdiction, and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: July 13, 2007